UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                           For Electronic Publication Only
----------------------------------------------------------------X
LORENA VELASQUEZ, on behalf of JOHAN
VELASQUEZ,

                              Plaintiff,
                                                                                **ORDER**
          -against-                                                    24-CV-2035(JMA)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
----------------------------------------------------------------X
JOAN M. AZRACK, District Judge:

       On March 18, 2024, *pro se* plaintiff Lorena Velasaquez ("Plaintiff") filed her eighth complaint in this Court together with an application to proceed *in forma pauperis*.[1] (ECF Nos. 1-2.) The instant sparse complaint is against the Commissioner of Social Security ("Defendant") and seeks judicial review of the February 14, 2024, decision by an Administrative Law Judge ("ALJ") that denied the disability benefits claim submitted on behalf of Plaintiff's adult son. (See Compl., ECF No. 1 ¶¶ 4-7.) Plaintiff also alleges that the Appeals Council affirmed the ALJ's decision the same day it was issued, but she "NEVER RECEIVED A LETTER" confirming that the ALJ decision is "the 'final decision' of the Commissioner."[2] (Id. ¶ 8.)

---

[1] See Velazquez v. Social Security Admin., 19-CV-4655 (removal complaint dismissed for failure to prosecute); Velazquez v. Social Security Admin., 19-CV-4820 (removal complaint dismissed for failure to prosecute); Velazquez v. Suffolk Police et al., 19-CV-5368 (*in forma pauperis* complaint and amended complaints dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii)); Velazquez v. Suffolk Cnty. Police, et al., 20-CV-00791 (dismissed for failure to prosecute); Velazquez v. William Floyd School Dist., et al., 20-CV-1329 (dismissed for failure to prosecute); Velasquez v. 7th Precinct, et al., 20-CV-2188 (dismissed with "warning that the Court hopes will deter plaintiff from further frivolous filings. Should she persist in filing frivolous *in forma pauperis* complaints in this Court, she will be directed to show cause why an order barring the acceptance of any future *in forma pauperis* complaints for filing in the Court without first obtaining leave of Court should not be entered. See 28 U.S.C. § 1651."); Velazquez v. Comm. of Soc. Security, 22-CV-6777 (fee paid complaint dismissed for failure to exhaust administrative remedies).

[2] Given that Plaintiff has not received the Appeals Council's final decision, it appears that the present complaint may suffer the same fate as her most recent prior complaint. See Velazquez v. Comm'r of Soc. Sec. Admin., No. 22-CV-06777, 2024 WL 22786, at *5 (E.D.N.Y. Jan. 2, 2024) (granting motion to dismiss for failure to exhaust administrative remedies).

For the reasons that follow, the application to proceed *in forma pauperis* is denied without prejudice with leave to renew upon completion of the AO 239 *in forma pauperis* application ("Long Form"). Alternatively, Plaintiff may remit the $405.00 filing fee.[3] <u>Plaintiff shall either file the Long Form or remit the filing fee by May 13, 2024</u>.

Plaintiff's *in forma pauperis* application raises more questions than they answer. (<u>See generally</u>, ECF No. 2.) For example, Plaintiff wrote "I don't know" in response to the question that asks for the "[a]mount of money that I have in cash or in a checking account." (<u>Id.</u> ¶ 4.) Further, although Plaintiff alleges that she has not received any money from any source within the last twelve months, (<u>id.</u> ¶¶ 2-3), she reports regular monthly expenses for housing, transportation, and utilities that total $2,530.00 per month. (<u>Id.</u> ¶ 6). However, she explains that "[m]y husband Elmer Velasquez works and we [plaintiff and her children] are his dependents." (<u>Id.</u> ¶ 8.)

Because the responses provided by Plaintiff on the *in forma pauperis* application do not permit the Court to conclude that she is qualified to proceed *in forma pauperis,* Plaintiff's application is denied without prejudice to a renewal thereof upon completion of Long Form annexed to this Order. <u>Fridman v. City of New York</u>, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (internal quotation marks and citation omitted)). Under the circumstances, Plaintiff can best set forth her current financial position on the Long Form.

---

[3]   Plaintiff is warned that "the law does not permit a judge to refund a filing fee. Once the filing fee has been collected, it cannot be waived or refunded, regardless of the outcome of the action." <u>Celestin v. U.S. Dep't State Bureau of Consular Affs</u>., No. 20-CV-947, 2020 WL 6901081, at *2 (E.D.N.Y. Nov. 23, 2020).

Plaintiff is cautioned that a failure to file the Long Form or remit the $405 filing fee by May 13, 2024, will lead to the dismissal of the complaint. Given Plaintiff's history of incurring dismissals for failure to prosecute (see Velazquez v. Social Security Admin., 19-CV-4655; Velazquez v. Social Security Admin., 19-CV-4820; Velazquez v. Suffolk Cnty. Police, et al., 20-CV-00791; Velazquez v. William Floyd School Dist., et al., 20-CV-1329), Plaintiff is further warned that, absent a showing of good cause, dismissal resulting from failure to comply with this Order will be with prejudice. Indeed, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." In re McDonald, 489 US 180, 184 (1989). Further, Plaintiff is reminded that, should she continue her pattern of pursuing frivolous *in forma pauperis* complaints in this Court, she will be directed to show cause why an order should not be entered that would bar acceptance of any of Plaintiff's future *in forma pauperis* complaints without first obtaining leave of Court. See 28 U.S.C. § 1651.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order and the AO 239 Long Form *in forma pauperis* application to the Plaintiff at her address of record and note such mailing on the docket.

SO ORDERED.

Dated:     April 11, 2024
             Central Islip, New York

(/s/ JMA)
Joan M. Azrack
United States District Judge

3