UNITED STATES DISTRICT COURT          For Electronic Publication Only
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LORENA VELASQUEZ, on behalf of JOHAN
VELASQUEZ,

                 Plaintiff,
                                                                                               **ORDER**
            -against-                                                   24-CV-2035 (JMA)

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.
-------------------------------------------------------------------X

**JOAN M. AZRACK, District Judge:**

        Presently before the Court is *pro se* Plaintiff Lorna Velasquez's renewed application to proceed *in forma pauperis* ("IFP") in this eighth action she has filed in this court.[1] (ECF No. 18.) For the reasons set forth herein, that application is DENIED.

        In March 2024, Plaintiff filed her complaint in this case with her original IFP application. (See ECF Nos. 1-2.) The following month, the Court determined that Plaintiff's IFP application "raises more questions than [it] answer[s]" and did not permit the conclusion that Plaintiff is qualified to proceed IFP. (ECF No. 7 at 2.) Accordingly, the Court denied the IFP application without prejudice and with leave to renew on the long form AO 239 IFP application ("Long Form") by May 13, 2024. (Id. at 2-3.)

---

[1] The Court dismissed Plaintiff's seven prior actions. See Velasquez v. Social Security Admin., 19-CV-4655(JMA) (dismissed for failure to prosecute); Velasquez v. Social Security Admin., 19-CV-4820(JMA) (same); Velasquez v. Suffolk Police et al., 19-CV-5368 (JMA) (AKT) (dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii)); Velasquez v. Suffolk Cnty. Police, et al., 20-CV-00791 (JMA) (AKT) (dismissed for failure to prosecute); Velasquez v. William Floyd School Dist., et al., 20-CV-1329 (JMA) (AKT) (same); Velasquez v. 7th Precinct, et al., 20-CV-2188 (JMA) (AKT) (dismissed with "warning that the Court hopes will deter plaintiff from further frivolous filings. Should she persist in filing frivolous *in forma pauperis* complaints in this Court, she will be directed to show cause why an order barring the acceptance of any future *in forma pauperis* complaints for filing in the Court without first obtaining leave of Court should not be entered. See 28 U.S.C. § 1651."); Velasquez v. Comm. of Soc. Security, 22-CV-6777 (JMA) (dismissed for failure to exhaust administrative remedies).

After the Court *sua sponte* extended that deadline because Plaintiff failed to meet it (see May 21, 2023, Electr. Sched. Order), Plaintiff filed a new IFP application on the Long Form. (ECF No. 11.) The Court denied Plaintiff's Long Form application without prejudice because the responses Plaintiff provided were internally inconsistent and again did not provide sufficient financial information for the Court to conclude that Plaintiff is qualified to proceed IFP. (See June 7, 2024, Order.) In an abundance of caution and given Plaintiff's *pro se* status, the Court afforded Plaintiff a third and final opportunity to either demonstrate indigency on the Long Form or remit the filing fee.[2] (See id.)

Plaintiff then filed the pending renewed application for leave to proceed IFP. (ECF No. 18.) That IFP application, like Plaintiff's prior IFP applications, does not demonstrate that Plaintiff's financial position qualifies her to maintain this action without paying the filing fee. Plaintiff reports that she has $5,145.52 in her joint checking account and asserts that a recent $1,600.00 mortgage payment from that account has not yet posted. (Id. at 1, 3, 5.) Accepting these representations and deducting the mortgage payment, Plaintiff still has $3,545.52 remaining in that account. Further, Plaintiff's $4,000 monthly household income exceeds her $3,100 regular monthly household expenses by $900. (See id. at 3, 5-6.) Plaintiff also reports that she and her husband have $60.00 in cash. (Id. at 3.)

---

[2] The Court was clear about Plaintiff's obligation:

> PLAINTIFF IS AFFORDED ONE FINAL OPPORTUNITY TO DEMONSTRATE HER QUALIFICATION FOR IFP STATUS BY FILING THE ENCLOSED LONG FORM IFP APPLICATION BY **6/28/2024**. To be clear, Plaintiff must file a COMPLETE long form application that includes financial information in any space that she has presently written "I don't know" or "unknow[n]" . . . No further extension will be granted absent a showing of good cause and the Court shall dismiss the complaint without prejudice if Plaintiff fails to timely comply with this Order.

(June 7, 2024, Order.)

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (quotation marks omitted). "The federal *in forma pauperis* statute represents a significant effort to ensure the ability of impoverished litigants to prosecute meritorious claims or defenses without disadvantage." Rosa v. Doe, 86 F.4th 1001, 1004 (2d Cir. 2023). Indeed, "[t]he purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system." Davis v. NYC Dept. of Educ., 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). Determining whether an applicant qualifies for IFP status is within the discretion of the district court. E.g., Burda Media, Inc. v. Blumenberg, 731 F. Supp. 2d 321, 322 (S.D.N.Y. 2010); see also Rosa, 86 F.4th at 1007 (explaining IFP application denials are reviewed for abuse of discretion); Anderson v. Coughlin, 700 F.2d 37, 42 (2d Cir. 1983) (describing the "benefits" of granting district courts discretion for adjudicating IFP applications). The court may dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Given Plaintiff's reported financial position, she has not demonstrated that paying the $405.00 filing fee would deprive her of the ability to maintain "the necessities of life." Adkins, 335 U.S. at 339. "If it appears that an applicant's 'access to court has not been blocked by his financial condition; rather that he is merely in the position of having to weigh the financial constraints posed if he pursues his position against the merits of his case,' then a court properly exercises its discretion to deny the application." Brooks v. Aiden 0821 Capital LLC, No. 19-CV-

6823, 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting Fridman v. City of New York, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (internal brackets omitted).  Accordingly, because Plaintiff's application demonstrates that she has sufficient resources to pay the filing fee and provide herself and her dependents with the necessities of life, she does not qualify for IFP status. See Wrenn v. Benson, 490 U.S. 89, 90 n.4 (1989) (per curiam) (denying leave to proceed IFP based on review of information contained in the supporting affidavit of indigency).  **Plaintiff's motion to proceed IFP is denied, and she is directed to pay the $405.00 filing fee by July 10, 2024, or her complaint will be dismissed without prejudice.**[3]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiff at her address of record and note such mailing on the docket.

SO ORDERED.

Dated:  June 26, 2024
Central Islip, New York

(/s/ JMA)
Joan M. Azrack
United States District Judge

---

[3] Plaintiff is informed that "the law does not permit a judge to refund a filing fee. Once the filing fee has been collected, it cannot be waived or refunded, regardless of the outcome of the action."  Celestin v. U.S. Dep't State Bureau of Consular Affs., No. 20-CV-947, 2020 WL 6901081, at *2 (E.D.N.Y. Nov. 23, 2020).  Thus, the Court encourages Plaintiff to review the Court's decision in Velasquez v. Comm'r of Soc. Sec. Admin., No. 22-CV-06777 (JMA), 2024 WL 22786, at *4-5 (E.D.N.Y. Jan. 2, 2024) where the Court detailed procedural requirements, including exhaustion, relevant to her present complaint.  See Sledge v. Kooi, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where a frequent *pro se* litigant may be charged with knowledge of legal requirements).